UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELLE HARRIS, et al.,

    Plaintiffs,

    v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. 11-cv-05936-RBL

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL, SUBJECT TO PROTECTIVE ORDER

THIS MATTER has been referred (ECF No. 47) to the undersigned magistrate judge for purposes of resolving plaintiffs' Motion to Compel (ECF No. 16). The Court has reviewed plaintiffs' motion (ECF No. 16), the Declaration of Jeremy Johnston, together with attachments (ECF No. 17), defendants' response (ECF No. 45) and plaintiffs' reply (ECF No. 48). The Court has also reviewed the records and files herein, including plaintiffs' second amended complaint (ECF No. 14) and defendants' answer (ECF No. 45, 46).

Plaintiffs' motion to compel discovery turns on maintaining confidentiality of relevant discovery documents to protect the interests of third parties who are not before the Court. The interests of these third parties can be adequately protected through a protective order. Therefore,

this Court issues a protective order and GRANTS plaintiffs' motion to compel discovery, subject to said protective order.

## FACTUAL SUMMARY

Plaintiffs include foster children who were placed in the foster home of Jose and Juanita Miranda by the State of Washington. One plaintiff, Rebecca Miranda, is the biological daughter of Jose and Juanita Miranda, who also lived in the home. Plaintiffs allege that they were subject to ongoing sexual abuse, physical abuse and neglect over a period of years (ECF No. 16, page 3). Plaintiffs claim that the State of Washington was negligent and also claim that certain employees of the State of Washington violated their liberty interests in violation of 42 U.S.C. §1983 (see Second Amended Complaint, ECF No. 14). Plaintiffs claim that the State of Washington and its employees failed to conduct reasonable investigations and take appropriate actions to protect plaintiffs' safety (id.).

Plaintiffs sent interrogatories to the State of Washington asking the State to produce the following:

- Documents pertaining to Jose and/or Juanita Miranda acting as foster parents. (RFP 1)

- Documents regarding Mabel Harris pertaining to any referrals, complaints, and/or concerns regarding the safety of children in the care of Mabel Harris or the ability of Mabel Harris to care for children. (RFP 2)

- Documents regarding Jose and/or Juanita Miranda pertaining to any referrals, complaints, and/or concerns regarding the safety of children in the care of Jose and/or Juanita Miranda or the ability of Jose and/or Juanita Miranda to care for children (RFP 3)

- Documents regarding any involvement of the Department of Social and Health Services with Michelle. (RFP 4)

- Documents regarding any involvement of the Department of Social and Health Services with Alex. (RFP 5)

- Documents regarding any involvement of the Department of Social and Health Services with Elizabeth. (RFP 6)

- Documents regarding any involvement of the Department of Social and Health Services with Aurora. (RFP 7)

- Documents regarding any involvement of the Department of Social and Health Services with Rebecca. (RFP 8)

- Documents regarding any involvement of the Department of Social and Health Services with Anthony. (RFP 9)

In answering the requests for production, the State of Washington identified documents responsive to the requests. The State of Washington did not produce the requested documents and answered as follows:

> Defendants also object to this request on the ground that it calls for the production of private confidential and/or privileged Department of Social and Health Services records regarding non-parties. See, RCW 13.50.100; 26.33; 26.44.101 and 030(9); 42.56.230(1); 74.04.060. Defendants and their counsel do not represent non-parties and therefore cannot without a release or court order, release third party records. Without waiving the objection, defendant upon request will produce redacted copies of the requested files. However, if plaintiffs intend to seek production of unredacted copies of these records pursuant to court order, defendants object to any request to produce redacted copies as such request imposes an unnecessary burden and expense on the defendants.

ECF No. 16, pages 5-6.

## DISCUSSION

Defendants have identified the following DSHS files that are responsive to plaintiffs' requests:

1. Miranda Division of Licenses Resources/Child Protective Services (DLR/CPS) File;

2. Miranda Department of Social and Health Services Licensing File;

|   |   |   |
|---|---|---|
| 1 | 3. | Mabel Harris Division of Children and Family Services (DCFS) File; |
| 2 | 4. | Michelle Harris DCFS File; |
| 3 | 5. | Transcript of Michelle Harris Interview; |
| 4 | 6. | Audio Recording of Michelle Harris Interview; |
| 5 | 7. | Alexander Gonzales Famlink Records; |
| 6 | 8. | Juanita Miranda DSHS File; |
| 7 | 9. | Elizabeth Tapia DSHS File (#632443); |
| 8 | 10. | Elizabeth Tapia DSHS File (#725408); |
| 9 | 11. | Audio Recording of Elizabeth Tapia Interview. |

ECF No. 45, page 3 line 25 – page 4 line 10.

Defendants do not dispute that the documents may be relevant and lead to admissible evidence. Defendants state, however, that the files and records of minor children are privileged and confidential pursuant to 42 U.S.C. § 5101-5107. Defendants note that regulations promulgated to enforce this statute limit the State's ability to disclose information outside a narrow class of persons and agencies that do not include plaintiffs. See 45 CFR 1340.14(i). Further, defendants argue that state laws also protect the confidentiality of these records. RCW 74.04.060 . See also RCW 13.50.010, .100, RCW 26.44.030 (ECF No. 45, page 4).

Nevertheless, the State of Washington agrees that this Court has the power to order the disclosure of non-party files, such as the ones identified herein, if the Court has reason to believe that such disclosure will lead to relevant or admissible evidence (ECF No. 45, page 7). The State takes the position, however, that it cannot unilaterally consent to the release of these records (id.). Therefore, this Court will ORDER that defendant State of Washington produce the files,

1  subject to this Protective Order, which shall apply to all DSHS records so identified and provided
2  to plaintiffs' counsel in the above-captioned matter.
3       IT IS HEREBY ORDERED that the contents and/or existence of the aforementioned
4  documents and files and any part thereof or therein shall not be disclosed in any manner or form
5  to any person and/or entities, other than the parties, parties' attorneys, experts retained by the
6  party's attorney(s), their staffs, and individuals otherwise entitled to obtain said information
7  pursuant to statutory exemptions from confidentiality and other individuals as herein provided.
8       IT IS FURTHER ORDERED that the parties shall be allowed to use the aforementioned
9  documents or information in depositions of plaintiffs, defendants, and other witnesses who
10 require review of such documents, or in consulting with any expert witness on this case, subject
11 to the conditions set forth in this Protective Order. A copy of this Order shall accompany any
12 copy of the discovery records or information protected by this Order and released to anyone.
13      IT IS FURTHER ORDERED that prior to introducing as evidence or otherwise
14 disclosing to a jury the existence of any of the aforementioned information or documents, a
15 hearing shall be held outside the presence of the jury wherein the court will determine the
16 admissibility of the aforementioned information or documents.
17      IT IS FURTHER ORDERED that counsel for the parties shall use all documents and
18 information produced or disclosed pursuant to this Protective Order solely for the purpose of
19 preparation for and trial of this action. Under no circumstances shall information or materials
20 covered by this Order be disclosed to anyone other than as provided in this Order.
21      IT IS FURTHER ORDERED that at the conclusion of the proceedings in this action,
22 including any appeal, all documents and information subject to this Order, including any copies
23 or summaries thereof, or documents containing information taken therefrom, shall be returned to
24

1 counsel for the party producing such documents or destroyed by the party having such
2 documents. No attorney or expert shall disclose any information gained or derived from the
3 aforementioned records to anyone without further order of the Court unless the person to whom
4 the information is disclosed is otherwise entitled to obtain said information pursuant to this
5 Protective Order or to statutory exemptions from confidentiality.

6     IT IS FURTHER ORDERED that this Protective Order shall remain in full force and
7 effect until such time as this Court modifies its terms or releases the parties from its provisions.
8     Dated this 31st day of January, 2012.

J. Richard Creatura
United States Magistrate Judge